**MORAN TOWING & TRANSPORTA-TION CO., Inc., Assignee of Time, Inc., Owner of Barge, THE N. L. WALLACE, Libellant,**

v.

**The READING COMPANY and Port Reading Towing Lines, Respondents.**

United States District Court
S. D. New York.

Feb. 7, 1958.

---

Burlingham, Hupper & Kennedy, New York City, for libellant. Robert A. Feltner, New York City, of counsel.

Macklin, Speer, Hanan & McKernan, New York City, for respondents.

DAWSON, District Judge.

Libellant has filed exceptions to the answer of respondents and seeks an order sustaining the exceptions and directing a further answer to the libel. The motion involves an interpretation of Rule 26 of the Admiralty Rules, 28 U.S.C.A.*

 The libel alleges in paragraphs Fourth and Fifth as follows:

"Fourth: In the evening of February 18, 1955, tug Eugene F. Moran, with barge N. L. Wallace in tow on her port side, proceeded down the East River, bound for Red Hook Flats. The weather was clear, wind moderate northwest, tide strong ebb. Proper towing lights were displayed. Off Corlears Hook the lights of a vessel (later identified as respondents' tug) were observed, northbound and favoring the New York shore. Said vessel did not alter course or reduce speed, but passed tug Eugene F. Moran and barge N. L. Wallace in close proximity at a high and excessive speed. The resulting swells caused the N. L. Wallace to strike against the Eugene F. Moran, causing substantial damage to the barge's starboard side.

"Fifth: The aforesaid damage to barge N. L. Wallace was not caused or contributed to by any fault, or negligence on the part of tug Eugene F. Moran or barge N. L. Wallace, or those in charge of them or either of them, but was due solely to the fault and negligence of the aforesaid Reading tug and those in charge of her in the following respects, among others:

"1. She was not in charge of a competent person.

"2. She failed to keep a good lookout.

"3. She failed to reduce speed.

"4. She failed to alter course.

"5. She passed tug Eugene F. Moran and barge N. L. Wallace in close proximity and at an excessive rate of speed, creating dangerous swells causing damage to barge N. L. Wallace."

---

* Rule 26. Answers—requisites of
"In all libels in causes of civil and maritime jurisdiction, whether in rem or in personam, the answers of or on behalf of the respondent or claimant to the libels and interrogatories shall be on oath or solemn affirmation; and all answers shall be full and explicit and distinct to each separate article and separate allegation in the libel, in the same order as numbered in the libel, and shall also answer in like manner or except to each interrogatory propounded by the libellant. But this rule shall not apply to cases where the sum or value in dispute does not exceed fifty dollars, exclusive of costs, unless the District Court shall be of opinion that the proceedings prescribed herein are necessary for the purposes of justice in the case before the court."

The answer of respondent simply denies the allegations contained in paragraphs Fourth and Fifth of the libel. Libellant maintains that in an action in admiralty a general denial of allegations of this nature is not sufficient. In view of the provision of Admiralty Rule 26 that answers shall be "full and explicit and distinct to each separate article and separate allegation in the libel," this rule has been held to mean that it is a duty of a respondent, interposing an answer of that kind, to set out its own version of the facts. Metropolitan Sand & Gravel Corp. v. Pennsylvania Railroad Co., D.C. S.D.N.Y.1943, 1943 A.M.C. 906.

Further examination of the answer of respondent in this case shows that respondent has interposed an affirmative defense stating that if any damage was sustained by libellant's barge it was not due to any fault or want of care on the part of the respondent or its agents, but was caused wholly by the fault and want of care on the part of the libellant, its agents and servants. This would indicate that respondents had some knowledge of the circumstances surrounding the alleged accident. Paragraph Fourth of the libel alleges specific facts. Respondent was under a duty either to deny each of those facts or to allege that it was without information as to those facts. A general denial of the nature interposed by the respondent in this case is not a full and explicit answer to the allegations of the libel of the nature required by the admiralty practice and admiralty rule. The purpose of pleadings is to narrow the issues and to advise the parties of the issues with which they will be met at the trial. A general denial in an action of this nature does not meet that need. See The Commander-in-Chief, 1864, 1 Wall. 43, 68 U.S. 43, 17 L.Ed. 609.

The exceptions to the answer are sustained and respondent is given 30 days within which to file an amended answer complying with the provisions of the admiralty rule. So ordered.